UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMAR MAURICE WILLIAMSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4469** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Lamar Maurice Williamson, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, St. Tammany Parish, the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Jail, Warden Al Strain, Officer "Esler G.," and other unnamed staff members of the St. Tammany Parish Jail. In this lawsuit, plaintiff claims that he was denied his midday meal on September 8, 2008.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous.

In the complaint, plaintiff states:

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

> I was denied a meal upon my return from medical on the morning of 09/08/08. I was not offered a meal in medical and I had not refused any meal this day. The officer within the control area, Officer Esler G. refused to obtain a meal or contact the Shift Lt. to work out the matter. I know that this is a violation of my Constitutional Right to equal treatment and humane treatment. I did not receive midday sustenance.

Even if the Court were to ignore the numerous other problems with plaintiff's claims,[2] there is one glaring obstacle the Court cannot ignore: it is clear that "[t]he denial of a single meal due to inadvertence or even neglect does not rise to the level of deprivation of essential food and is insufficient to allege a cognizable Eighth Amendment claim." Smith v. Samples, No. 95-30142, 1995 WL 581423 (5th Cir. Aug. 22, 1995); see also Lucas v. Garner, No. 94-50723, 1995 WL 450090, at *1 (5th Cir. June 30, 1995); Atkins v. Kasper, No. 93-2927, 1994 WL 523658, at *1 (5th Cir. Sept. 6, 1994); Clursky v. Watson, Civ. Action No. 6:07cv404, 2008 WL 163577, at *6 (E.D. Tex. Jan. 15, 2008); Waller v. Richardson, No. 2:07-CV-0097, 2007 WL 2907818, at *2 (N.D. Tex. Oct. 4, 2007); Hill v. Gusman, Civ. Action No. 06-0527, 2006 WL 3760454, at *4 (E.D. La. Dec.

---

[2] For example, it is evident that all of the identified defendants except "Officer Esler G." are improper. The Eleventh Amendment protects the State of Louisiana against plaintiff's claim. See, e.g., Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002). The claim against St. Tammany Parish fails because plaintiff has not alleged that the purported violation resulted from a policy or custom of that local governmental entity. See, e.g., Fitch v. Terrebonne Parish Consolidated Government, Civ. Action No. 06-3940, 2007 WL 275901, at *2 (E.D. La. Jan. 26, 2007). Neither the St. Tammany Parish Sheriff's Office nor the St. Tammany Parish Jail is a legal entity capable of being sued. See, e.g., Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008). Warden Al Strain cannot be held liable in his *official* capacity because there is no allegation that the alleged constitutional deprivation resulted from an official policy or custom. See, e.g., Giroir v. Pittman, Civ. Action No. 07-5670, 2008 WL 1884054, at *2 n.4 (E.D. La. Apr. 27, 2008). Moreover, Strain cannot be held liable in his *individual* capacity because there is no allegation that he was personally involved in this incident, and he cannot be held liable under any theory of strict liability or vicarious liability simply because he is Esler's supervisor. Id.

18, 2006); Doines v. Johnson, No. 2:04-CV-0042, 2006 WL 374787, at *3 (N.D. Tex. Feb. 17, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of October, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**